

FILED
APR - 8 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN LAUGHLIN-MAGNUSSON,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND COUNTY DISTRICT ATTORNEY,<br><br>Defendant. | No. C 13-05355 HRL (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a pretrial detainee at the San Francisco County Jail awaiting extradition to Texas, has filed a pro se civil rights action under 42 U.S.C. § 1983, against District Attorney Ross Bush for Midland County, Texas. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration

Order of Dismissal
P:\PRO-SE\HRL\CR.13\05355Laughlin-Mag_dism.wpd

are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

Plaintiff claims that the Midland County District Attorneys Office is having him held against his will for matters which are "clearly civil" because he is being charged with a "matter of bad checks." (Compl. at 3.) Plaintiff seeks a "federal stay order" and a restraining order against Deputy District Attorney Ross Bush from prosecuting him. (Id.) Because Plaintiff's claims affect the fact of his confinement and the determination of the claim may result in entitlement to release, it must be brought in habeas. Docken, 393 F.3d at 1026. Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this action is DISMISSED without prejudice to

Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons stated above, this action is DISMISSED without prejudice to refiling as a habeas action.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 4/8/14

HOWARD R. LLOYD
United States Magistrate Judge